PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE <u>SOUTHERN</u> DISTRICT OF TEXAS
<u>CORPUS CHRISTI</u> DIVISION

United States Courts Southern
District of Texas
FILED

OCT 3 0 2023

Nathan Ochsner, Clerk of Court

<u>AUSTIN BIRDOW # 02099272</u>
Plaintiff's Name and ID Number

<u>WILLIAM G. MCCONNELL UNIT</u>
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

<u>BRYAN COLLIER;POBox 99,Huntsville,Tx 77342</u>
Defendant's Name and Address

<u>C.F.HAZLEWOOD;PO Box 99 Huntsville,TX 77342</u>
Defendant's Name and Address

_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

Rev. 05/15

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? _X_ YES ___ NO

    B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: May 21, 2021
        2. Parties to previous lawsuit:
           Plaintiff(s) AUSTIN D. BIRDOW
           Defendant(s) JOSE CHAPA(Nurse); Dr. ISAAC KWARTENG(Medical Director)
        3. Court: (If federal, name the district; if state, name the county.) Southern District TX
        4. Cause number: 2:21-CV-00102
        5. Name of judge to whom case was assigned: Judge Nelva Gonzales Ramos
        6. Disposition: (Was the case dismissed, appealed, still pending?) appealed
        7. Approximate date of disposition: April 21, 2023

Rev. 05/15

II. PLACE OF PRESENT CONFINEMENT: <u>WILLIAM G. MCCONNELL UNIT</u>

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   <u>X</u> YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: <u>AUSTIN D. BIRDOW; #02099272; William G. McConnell Unit; 3001SS.Emily Dr.; Beeville, Texas 78102</u>

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: <u>Bryan Collier (Texas Department of Criminal Justice; Executive Director) in his individual and official capacity; PO BOX 99, Huntsville, TX 77342</u>

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

<u>As a policy maker deprived Plaintiff of his right to practice his religious faith</u>

Defendant #2: <u>C.F. Hazlewood (Director of Religious Services; Texas Department of Criminal Justice) in his individual and official capacity; Huntsville, Texas 77342</u>

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

<u>Violated Plaintiff's First Amendment rights and RLUIPA right by his policy making.</u>

Defendant #3: _____

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Rev. 05/15

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

1. Plaintiff requested and applied to be reassigned to a Jewish Designated Unit. (See Exhibit A)

2. Although Defendants policy state that if an inmate is Jewish then he can be reassigned to a Jewish designated unit, Defendants assert that Plaintiff is Messianic Jewish and not Jewish, therefore Plaintiff can not be transferred to a Jewish Designated Unit. Id. at Exhibit A

3. Defendants rely on a faulty premise because the Texas Department of Criminal Justice policy no. 07.02, supra at Exhibit A--mentions nothing about being only J Jewish to be reassigned to a Jewish Designated Unit. Id.

(continued on next page)

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

That the Court grant injunctive relief by ordering the TDCJ to transfer Plaintiff; and award punitive and compensatory damages of $100,000.00

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.
AUSTIN D. BIRDOW

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
554916; 02099272 (current)

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES  X  NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

  1. Court that imposed sanctions (if federal, give the district and division): N/A
  2. Case number: N/A
  3. Approximate date sanctions were imposed: N/A
  4. Have the sanctions been lifted or otherwise satisfied? ____YES ____NO

Rev. 05/15

4

(Continued from page 4)

4. In May 2021 Plaintiff wrote a Step I grievance inquiring about the status of his Aleph Institute application form, which was the first step to be reassigned to a Jewish designated Unit. (See Step 1 grievance)

5. The warden replied to Plaintiff's grievance stating that "Chaplain (Joseph Wright) states you [sic] are inelgible for transfer due to being Messianic Jewish not Jewish." (Step 1 Grievance Response)

6. Plaintiff then filed a Step 2 grievance appealing the disposition of Chaplain Wirght, in which J.Back responded by affirming Chaplain Wright's decision and stating in part: "[Y]ou are not elgible for a transfer to a Jewish designated unit due to your current designated faith preference. An inmate may change their designated faith preference by submitting to the chaplain an I-60 Inmate Request Official." (See Step 2 Grievance)

7. Plaintiff was prepared to take the sincerity test stated in paragraph (II)(b)(1)(a) of policy no.07.02, but was denied because of him not being "fully" Jewish.

8. The only difference between Messianic Jewish and Jewish is that the Jewish faith does not believe in Yeshua HaMashiac (Jesus Christ), who was and is also Jewish.

9. Plaintiff has been Messianic Jewish since 2017(officially) and believes in the Jewish dietary laws.

10. Everyday since being incarcerated Plaintiff has to succumb to eating in a non-losher way.

11. Plaintiff has suffered from stomach viruses/pain, nausea, and headaches.

12. To be forced to convert from Messianic Judaism to Judaism in order to receive kosher meals at a Jewish designated unit, places a burden on Plaintiff to renounce his belief in Yeshua HaMashiac, who Plaintiff believes in resolutely and refuses to disavow that belief.

## JURY DEMAND

13. Plaintiff respectfully demand a jury, should trial become necessary.

## CONCLUSION

14. Plaintiff prays that he is awarded his costs and have any other relief to which he may be entitled.

Respectfully submitted,
/s/ 

AUSTIN D. BIRDOW, Plaintiff pro se
TDCJ# 02099272
McConnell Unit
3001 S.Emily Dr.
Beeville, Texas 78102

C. Has any court ever warned or notified you that sanctions could be imposed?   X YES ___ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): Southern(Corpus Christi)
2. Case number: 2:21-cv-00102
3. Approximate date warning was issued: July 26, 2022

Executed on: 10/19/2023
            DATE

AUSTIN D. BIRDOW
_____
(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ___19th___ day of ___October___, 20 _23_.
            (Day)                  (month)           (year)

AUSTIN D. BIRDOW
_____
(Signature of Plaintiff)

**WARNING:** Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

Rev. 05/15

5

(Sample Policy Number: 07.02--Exhibit A)

```
TEXAS DEPARTMENT OF CRIMINAL JUSTICE   Policy Number:        07.02(rev.4)
Chaplaincy Department                  Page:                      1 of 4
CHAPLAINCY MANUAL                      Date:                   July 2016
                                       Supersedes:   07.03(rev.3)August 2012
```

SUBJECT: REASSIGNMENT PROCEDURES TO A JEWISH DESIGNATED UNIT

AUTHORITY: AD-07.30, "Procedures for Religious Programming"

POLICY:

The Texas Department of Criminal Justice (TDCJ) recognizes the importance of the religious beliefs of offenders. It is the policy of the TDCJ to extend to all offenders as much opportunity as possible for pursuing individual religious beliefs and practices, consistent with security, safety, and orderly conditions in the unit

PROCEDURES:

II. Eligibility Requirements for a Jewish Offender to be placed on Designated Unit:

   A. Enhanced Jewish Designated Unit

      1. An offender shall qualify in one of three areas:

         a. Born of a Jewish mother,

         b. A Jewish background with continuous study in the Jewish faith; or

         c. Conversion to Judaism according to Jewish law.

   B. Basic Jewish Designated Units

      1. If the offender is not qualified for transfer to the enhanced Jewish designated unit because the offender does not meet one of the three eligibility requirements, the offender can qualify for transfer to a basic Jewissh designated unit through the following:

         a. Satisfactory completion of 30 out of the 45 lessons of the Jewish Interest Correspondence Course; and

         b. Knowledge of the Jewish faith and sincerity of the offender as determined by a contract Jewish rabbi.

DECLARATION OF INMATE FILING

Date PLAINTIFF'S COMPLAINT deposited in institution's mail system: 10/23/2023

"I am an inmate confined in an institution and deposited my PRISONER'S CIVIL RIGHTS COMPLAINT in the institution's internal mail system. First-class postage was prepaid either by me or by the institution on my behalf.

I declare under penalty of perjury that the foregoing is true and correct."

Signature: _____  Date: October 23, 2023

" Original copy"

# Texas Department of Criminal Justice

## STEP 1   OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2021104904 |
| Date Received: | MAY 05 2021 |
| Date Due: | 06-14-2021 |
| Grievance Code: | 302 |
| Investigator ID #: | I1978 |
| Extension Date: | |
| Date Retd to Offender: | MAY 27 2021 |

Offender Name: Birdow, Austin     TDCJ # 02099272
Unit: ML      Housing Assignment: 7I-37T
Unit where incident occurred: McConnell

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.
Who did you talk to (name, title)? Chaplain Wright, J.     When? I-60s
What was their response? none
What action was taken? none

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

My complaint concerns being reassisgned to a Jewish designated unit. Per TDCJ Chaplaincy Manual (Policy Number: 07.02) "REASSIGNMENT PROCEDURES TO A JEWISH DESIGNATED UNIT", In 2019 I submitted an Inmate Request To Official form (I-60) to chaplain Wright requesting to be transferred to a Jewish Designated unit. The chaplain then had me to come to his office and complete the Aleph Institute application form. After I completed the form chaplain Wright told me that I would be hearing something from Huntsville: but since that time I haven't heard anything from anyone.

I have sent several I-60s to chaplain Wright about my request to be transferred to a Jewish Designated unit, and I have not received not one response from him. Why the Chaplain hasn't returned my I-60s is beyond my knowledge, but with that said the chaplain is not adhering to E.D.(EXECUTIVE DIRECTIVE)-07.29.

CC: file

I-127 Front (Revised 11-2010)     YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM     (OVE

Appen

**Action Requested to resolve your Complaint.**
To be transferred to a Jewish Designated unit. And that this grievance be noted, and filed for future references and litigation.

**Offender Signature:** _[signature]_  **Date:** May 4, 2021

**Grievance Response:**

Chaplain states you are ineligible for transfer due to being messianic Jewish not Jewish. There is no further action warranted by this office.

**Signature Authority:** _[signature]_   Warden D. Fernandez   **Date:** MAY 2 5 2021

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**   *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: _____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |

**I-127 Back** (Revised 11-2010)

**Appendix F**

OCT 2 6 2021



# Texas Department of Criminal Justice
# STEP 2    OFFENDER GRIEVANCE FORM

Offender Name: Birdow, Austin    TDCJ # 02099272
Unit: ML ✓    Housing Assignment: 7I-37T
Unit where incident occurred: McConnell unit

**OFFICE USE ONLY**
Grievance # 2021104904
UGI Recd Date: 6-8-21
HQ Recd Date: JUN 14 2021
Date Due: 7-18-21
Grievance Code: 302
Investigator ID#: 10742
Extension Date: 8/27/2021

*You must attach the completed Step 1 Grievance that been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific). *I am dissatisfied with the response at Step 1 because...*

I am dissatisfied with the response at Step 1 because the Chaplain's answer was false and misleading. ( Grievance # 2021104904 )

Under TDCJ's Chaplaincy Department Chaplaincy manual per policy number: 07.02 sec.(III)(A) states: The offender who wants to be considered for a Jewish designated unit shall submit an Inmate Request to Official form (I-60) to the unit chaplain.

In the year 2019, I followed these instructions by submitting an (I-60) to Chaplain Wright.

Sec. (III)(B) states: The chaplain shall check the main frame IMF/SSNO screen to verify that the offender's faith preference is documented as Jewish. The Chaplain shall complete the Request for Reassignment for Jewish Services form []. The offender shall complete the Aleph Institute application form. Then the unit chaplain shall submit the forms to Chaplaincy Headquarters.

Thus, the Chaplain did verify that my faith preference was Jewish ( Messianinc Jewish ), and as a result I completed the Aleph Institute Application form, which I can only do if my faith preference is Jewish.

Which leads me to ask: Why is the Chaplain now saying in his answer to my Step 1 grievance that I am " inelgible for transfer due to being Messianic Jewish not Jewish ", when he initially was the one who processed my application as being Jewish ?

Also policy # 07.02 doesnt even implicate that you must be exclusively Jewish, or of a Orthodox faith. And , if the policy did state as such, it would

I-128 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix G

be a violation of the First Amendment's Establishment's Clause and Free Exercise Clause. This is clearly discrimination and I plan to seek the court's for redress.

CC: File

Offender Signature: /s/ J.B.   Date: 6/4/21

**Grievance Response:**

Your Step 2 Grievance has been investigated by this office. You were appropriately advised at the Step 1 level that you are not eligible for a transfer to a Jewish designated unit due to your current designated faith preference. An inmate may change their designated faith preference by submitting to the chaplain an I-60, Inmate Request to Official. No further action is warranted at this time.

Signature Authority: J. Back  & Back   Date: SEP 2 0 2021

Returned because:   *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

CGO Staff Signature: _____

**OFFICE USE ONLY**

Initial Submission   CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___Screened ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____

2nd Submission   CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___Screened ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____

3rd Submission   CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___Screened ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)   Appendix G

Austin D. Birdow
# 02099272
Mc Connell Unit
3001 S. Emily Dr.
Beeville, Texas 78102



United States Courts Southern
District of Texas
FILED

OCT 30 2023

Nathan Ochsner, Clerk of Court

\* LEGAL MAIL \*

UNITED STATES DISTRICT CIE.
1133 N. Shoreline R
Corpus Christi, Texas